IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WILTON BURTON,

        Plaintiff,                    No. 2:11-cv-2187 KJN P

    vs.

M. McDONALD, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at High Desert State Prison ("HDSP"), from which he seeks a transfer, both pursuant to the merits of this action, and pursuant to successive motions for preliminary injunctive relief. This action is still at the preliminary stage – by separate order filed concurrently herewith, the court is directing the United States Marshal to serve process on the named defendants, HDSP Warden McDonald and HDSP Chief Deputy Warden Gower. In the present order, the court addresses plaintiff's second motion for preliminary injunctive relief. (Dkt. No. 11.)

        On September 19, 2011, the court denied without prejudice plaintiff's first motion for preliminary injunctive relief. As in that motion, plaintiff now seeks an immediate transfer from HDSP due to the alleged exacerbation of his asthma and other respiratory problems

1

allegedly associated with HDSP's high altitude, as well as the ventilation, smoke and sewer problems specific to plaintiff's cell.  In denying the first motion, the court noted that plaintiff had previously filed, then withdrawn, another action in this court that sought similar relief.  (See Burton v. McDonald, Case No. 2:10-cv-01281 GGH P.)  The court informed plaintiff that it would consider a new motion for preliminary injunctive relief that was premised on circumstances different than those presented in plaintiff's prior action.  Plaintiff now responds that he withdrew his prior action because he thought he was going to be transferred from HDSP.  Plaintiff further responds that, in addition to the problems challenged in his prior action (alleged effects of high altitude, smoke, and poor ventilation on plaintiff's health), plaintiff now faces the additional problem of being exposed to raw sewage and the resulting "mold and disease causing pathogenic organisms, including microbals" (Dkt. No. 11 at 3); plaintiff states that his efforts to remedy these problems or obtain a cell transfer have been unsuccessful.  Plaintiff asserts that his health is so adversely impacted that he fears he "may possibly suffer respiratory arrest, stroke or death . . . ."  (Id. at 4.)

The court has previously set forth the considerations to made in assessing the merits of a motion for preliminary injunctive relief.  (Dkt. No. 8 at 3-4.)[1]  In an abundance of

---

[1] "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
   The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff

caution, with the intent of avoiding irreparable harm, the court will direct a response from the Attorney General to plaintiff's motion for preliminary injunctive relief, and permit plaintiff an opportunity to reply.

The court has also considered plaintiff's request for appointment of counsel. (Dkt. No. 11 at 5.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances at this time. Therefore, plaintiff's motion for appointment of counsel will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Attorney General shall, within twenty-one days, file and serve a response to plaintiff's pending motion for preliminary injunctive relief; plaintiff may, within fourteen days after service of the Attorney General's response, file and serve a reply.

2. Plaintiff's request for appointment of counsel, contained within the pending motion for preliminary injunctive relief, is denied.

////
////
////
////

---

must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

3. The Clerk of Court shall serve a copy of this order on Monica Anderson, Senior Assistant Attorney General.

DATED:  November 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

burt2187.ord.rsps.pi