IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WILTON BURTON,

        Plaintiff,                      No. 2:11-cv-2187 JAM KJN P

    vs.

M. McDONALD, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in this civil rights action. Due to his allegedly serious and chronic breathing problems, plaintiff seeks a transfer from his current place of incarceration, High Desert State Prison ("HDSP"), to another institution within the California Department of Corrections and Rehabilitation ("CDCR"), that is at a lower altitude and offers less exposure to environmental pollutants. Currently pending is plaintiff's motion for "emergency protective preliminary injunctive relief," pursuant to which plaintiff seeks immediate transfer to another institution due to the alleged exacerbation of his symptoms caused by ongoing wildfires in the northeast portion of California. For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied, and that this case be dismissed.

        On July 16, 2012, the undersigned, after examining the allegations of plaintiff's complaint in detail, granted defendants' motion to dismiss, on the ground that the complaint, as

1

framed, failed to state a claim under the Americans with Disabilities Act, and failed to allege the requisite personal knowledge or participation of either named defendant sufficient to state an Eighth Amendment claim of deliberate indifference to serious medical needs.  (See generally Dkt. No. 28.)  The court granted plaintiff leave to file an amended complaint within thirty days, and warned plaintiff that "[f]ailure . . . to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed."  (Dkt. No. 28 at 19.)  The undersigned also recommended denial of plaintiff's previously-filed motion for preliminary injunctive relief (Dkt. No. 11), after fully considering the Attorney General's response and pertinent declarations; this matter is currently pending for final decision by the district judge.

        Although plaintiff filed objections to the court's findings and recommendations (see Dkt. No. 29), he did not file an amended complaint, and the deadline for doing so has passed.  This court will therefore recommend dismissal of this action, subject to consideration of plaintiff's instant motion.

        In his current motion for preliminary injunctive relief, plaintiff names the same defendants, alleges that "the lack of medical concern [is] to the point that it is useless to follow the sick call process," and alleges that "it appears plaintiff is being inappropriately held at HDSP out of retaliation for filing this lawsuit."  (Dkt. No. 30 at 2.)  Plaintiff emphasizes that he is suffering "S.O.B. [shortness of breath], exacerbation of his asthma, suffocation, [and] smoke inhalation," and "cannot perform activities of daily living due to smoke induced illness . . . headaches, eye aches, chest pain, sinusitis . . . ."  (Id. at 1-2.)  Plaintiff appeals to the court's "broad and vast jurisdictional and discretionary powers to grant this timely emergency motion for transfer . . . ."  (Id. at 2.)

        The court recently set forth, in this action, the legal standards for considering the merits of a motion for preliminary injunction.  (See Dkt. No. 28 at 4-5.)  Most significant to the present motion are the following considerations:

////

1   The principal purpose of preliminary injunctive relief is to preserve
2   the court's power to render a meaningful decision pursuant to a
    trial on the merits.  See 11A Charles Alan Wright & Arthur R.
3   Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).
    Implicit in this required showing is that the relief awarded is only
4   temporary and there will be a full hearing on the merits of the
    claims raised in the injunction when the action is brought to trial.
5   In addition, as a general rule, this court is unable to issue an order
    against individuals who are not parties to the suit pending before it.
6   Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100
    (1969).

In light of plaintiff's failure to file an amended complaint; plaintiff's failure to identify appropriate potential defendants in the current motion; plaintiff's unwillingness to seek the assistance of HDSP medical staff; and plaintiff's apparent unwillingness to pursue his putative retaliation claim through the administrative appeal process, there are no potential "merits" to preserve in this action by granting preliminary injunctive relief.  Therefore, none of the remaining considerations for assessing a motion for preliminary injunction -- that plaintiff is otherwise likely to suffer irreparable harm, that the balance of equities tips in plaintiff's favor, and that an injunction is in the public interest, see Stormans Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) -- warrant granting such relief.  For these reasons, and the several reasons previously identified by the court (see discussion, Dkt. No. 28 at 5-9), the undersigned recommends that plaintiff's current motion for preliminary injunctive relief be denied.

Nevertheless, the court notes that it may be possible for CDCR to transfer an inmate to another institution for medical reasons.  It is again requested that the Attorney General, in consultation with HDSP and CDCR officials, undertake a pragmatic assessment of plaintiff's transfer request, particularly in light of plaintiff's alleged health issues and the recent air quality due to wildfires in the broader HDSP vicinity.  Plaintiff is also encouraged to avail himself of the medical services provided at HDSP, from whom plaintiff should actively seek support for his requested medical transfer.

////

////

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's instant motion for a preliminary injunction (Dkt. No. 30), be denied; and

2. This action be dismissed for failure to file an amended complaint, see Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

burt2187.mtn.pi.dsms.